OPINION
David M. Hess, defendant-appellant, was indicted on four counts all arising from events resulting in the death of a six-year-old boy. Those counts were two counts of involuntary manslaughter, first degree felonies, one count of felonious assault, a second degree felony, and one count of endangering children, a third degree felony.
Defendant entered a guilty plea to one count of involuntary manslaughter, based on the underlying events of endangering children in the death of the six-year-old child. The guilty plea was as a result of a plea bargain which resulted in the dismissal of the remaining three counts.
The trial court found defendant guilty of the charge and ordered a pre-sentence investigation, following which the court imposed the maximum penalty of ten years imprisonment. In the first appeal to this court, we found the trial court erred by not providing a requisite analysis as required by law to allow adequate appellate review. We remanded the case to the trial court for further proceedings consistent with our opinion.
Upon remand, pursuant to the mandates as stated in the previous appeal, the trial court weighed the factors set forth in R.C. 2929.12
and, after doing so, found that the events to which defendant entered a guilty plea, is the worst form of the offense of involuntary manslaughter, and once again imposed the maximum sentence of incarceration.
Defendant again appeals, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED IN FINDING THAT A DEFENDANT WHO WAS ON PROBATION FOR THE MISDEMEANOR OF OMVI AT THE TIME OF THE COMMISSION OF THE OFFENSE IS UNDER COMMUNITY CONTROL PURSUANT TO SEC. 2929.17 OF THE REVISED CODE.
 II. THE TRIAL COURT ERRED IN FINDING THAT THE OFFENSE COMMITTED BY THE DEFENDANT WAS MORE SEVERE BY MAKING A[N] ASSUMPTION THAT THE CRIMINAL CONDUCT WAS KNOWINGLY OR WILLFULLY ASSAULTED AS OPPOSED TO RECKLESS ENDANGERING AS SET FORTH IN THE GUILTY PLEA.
As stated previously, all of the events giving rise to the death of the six-year-old victim arose because of active or passive misconduct by the defendant. The six-year-old boy lived with his mother and defendant, who was the mother's boyfriend. The mother is a registered nurse who was working a night shift ending at 7:00 a.m. on the date in question. Defendant worked at the post office until about midnight and came home on November 7, 1997, to pick up the boy at about 12:30 a.m. from a neighbor. At that time the child was in good condition and had not been harmed. Defendant and a friend from work engaged in heavy drinking of whiskey and beer until about 3:00 a.m., when the friend left the premises. Somewhere between 3:00 a.m. and 4:00 a.m., defendant engaged in what he described as playful wrestling with the child where he body-slammed the child and the child fell out of bed. There is no doubt that as a result of this conduct, whether it be reckless through playfully wrestling with the boy, or of a more serious nature, the child was severely injured. Defendant did nothing to assist the child by way of calling the emergency squad or taking any other measure. He met the mother at about 7:20 a.m., when she got off her work shift and returned home. She immediately called the emergency squad. The child was found to be unresponsive, barely breathing, with cold skin and blue lips. He had substantial bruises on his forehead and face and other parts of his body. The child was taken to Children's Hospital, where he died the following day as a result of the injuries incurred the night before. Dr. Fardal, the assistant coroner who performed the examination, described the situation as the worst head trauma he had ever witnessed. Pictures were admitted into evidence which support that analysis.
In his second assignment of error, defendant contends that since the plea was to involuntary manslaughter, based upon endangering a child, which resulted in the child's death, that only the passive endangering of the child should have been considered. The case at hand constituted two types of endangering. The first was through the use of force against the child, either reckless or worse, that resulted in severe trauma to the child's head and body, from which injuries he died. Even by defendant's version, there were injuries and trauma to the head and face and other parts of the child's body, which went far beyond what could be considered reasonable playfulness with a child and constituted active endangering of the child. The second part of the endangering was the passive behavior of defendant where he failed to call for any assistance for the child for a period of three hours or more, which may have also contributed to the death of the child. It is unknown whether more immediate medical assistance would have saved the child.
Defendant would seek to have the seriousness of the offense judged only by the passive behavior of defendant not extending beyond any consideration of something more than recklessness, since that was the count to which he entered a guilty plea. We reject that analysis. Endangering herein arose from a single connected series of events and the death of the child arose from those circumstances as well. It was entirely proper for the trial court to consider what happened during the trauma defendant inflicted upon the child prior to the time he neglected to obtain any medical aid for the child.
R.C. 2929.14(C) provides in pertinent part, as follows:
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense ***.
In deciding whether defendant committed the worst form of the offense of involuntary manslaughter, which occurred as a result of endangering the child, the court may consider all of the acts, both passive and active, that the defendant committed during the period of endangering. The fact that some of the acts of defendant may arguably have amounted to felonious assault, does not alter the fact that they may be considered for the purposes of sentencing. When recklessness suffices to establish an element of an offense, knowledge or purpose is also sufficient culpability for such element. R.C. 2901.22(E).
In the previous appeal, we remanded the case for further analysis because the trial court had acknowledged that mitigating factors may exist to support a conclusion that this case was not the most serious offense without mentioning which mitigating factors it accepted or rejected, or giving any explanation why any existing mitigating factors were not of sufficient weight to reduce the maximum sentence.
However, in the prior appeal, we commented favorably upon the trial court's analysis of the most important exacerbating factors and held that the trial court is not precluded from examining the victim's age when considering the seriousness of the offense concerning children. We pointed out that the trial court, when considering a sentence in an offense concerning children, like endangering children, may properly consider whether an offender's conduct is more serious than conduct normally constituting that offense based on the fact that the victim is a six-year-old child. We also held that a trial court is not precluded from examining the physical injuries causing death when considering the seriousness of offenses concerning a victim's death, even though the death is a factor in all cases involving involuntary manslaughter. The court may properly consider the seriousness of the events based on the extent and magnitude of bodily trauma and injuries leading to the victim's death. We further held that the trial court may consider the relationship between the victim and the offender as a factor in cases involving endangering children and the position of the dependency or vulnerability that the child had in relationship with the offender.
The trial court, upon remand, complied fully with the mandates of this court in the previous appeal. In the trial court's fourteen-page decision, the trial court weighed all the factors that were discussed above and identified and found possible mitigating factors to be insufficient to diminish the seriousness of defendant's conduct. The fact that defendant acknowledged responsibility, at least in part, does not diminish the seriousness of his conduct. The trial court stated: "Killing someone during an alcoholic binge does not weigh heavily in the defendant's favor. The fact remains, the defendant struck and physically assaulted a six-year-old child so severely that the child died. Had the defendant simply passed out drunk and allowed a dangerous condition to occur, the case might be different. He did not and the case is what it is; a serious physical assault upon a helpless child resulting in serious injury and death." As the trial court further pointed out "*** the active, physical assault against a six year old child, committed over 20 minutes, by an adult male, six feet tall and weighing 225 pounds. The facts and evidence, including the photographs of the victim and the autopsy report, demonstrate just how severe the multiple, assaultive blows were. Defendant's attempt to explain away the damaging evidence aside, the defendant literally beat a six year old child to death. This is unquestionably, the worst form of this offense. Like comparisons with conduct involved in involuntary manslaughter based on offenses other than child endangering leads to the same conclusion. In good conscience, the court cannot reach any other finding."
The trial court then concluded that to impose less than the maximum sentence in this case would demean the seriousness of defendant's conduct, conduct which the court found to be the worst form of the offense of involuntary manslaughter.
The trial court made an intelligent and proper evaluation of both aggravating and mitigating factors and reached a conclusion that is fully supported by the evidence.
Defendant's second assignment of error is overruled.
In his first assignment of error, defendant contends that the trial court erred in finding that a defendant who was on probation for the misdemeanor of OMVI at the time of the commission of the offense, is under community control, pursuant to R.C. 2929.17.
R.C. 2929.12(A) requires a sentencing court to consider the applicable seriousness as well as recidivism factors outlined in R.C. 2929.12(B), (C), (D), and (E), when it exercises its discretion to determine the most effective way to comply with the purposes of sentencing set forth in R.C. 2929.11. "A catchall provision in R.C. 2929.12(A) also permits the sentencing judge to consider any other factors that are relevant to achieving these purposes and principles of sentencing." State v. Arnett
(2000), 88 Ohio St.3d 208.
The trial court found that defendant "was under the equivalent of a non-residential sanction under R.C. 2929.17 and that he was on probation in the Franklin County Municipal Court for his fourth drunk driving case." The trial court was not precluded from considering that factor as one indicating that defendant is likely to re-offend. State v. Stanley
(Nov. 18, 1998), Meigs App. No. 97CA-21, unreported. The Fourth District Court of Appeals held that defendant's admission to driving under the influence of alcohol while on bond for the instant offense to be highly relevant to the issue of the likelihood that he would be a recidivist.
In this case, defendant's multiple problems with alcohol are factors that are properly taken into account determining whether defendant is likely to re-offend. Whether or not the trial court was technically correct in stating that defendant was under the equivalent of a non-residential sanction under R.C. 2929.17, does not alter the results of this case. In any event, the trial court could properly consider the probation for OMVI and the other offenses involving drinking in determining defendant's likelihood of being a recidivist. Furthermore, the trial court held that community control would demean the seriousness of the offense so there is no prejudice.
Defendant's first assignment of error is overruled.
Defendant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
BOWMAN and BROWN, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.